**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE AKORN, INC. DATA INTEGRITY SECURITIES LITIGATION | Civ. A. No. 1:18-cv-01713<br><br>Hon. Steven C. Seeger |

**ORDER AWARDING ATTORNEYS' FEES
AND REIMBURSEMENT OF LITIGATION EXPENSES**

This matter came on for hearing on March 13, 2020 (the "Settlement Hearing") on Lead Plaintiffs' Motion For (i) Final Approval of Class Action Settlement and Plan of Allocation and (ii) Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Motion") (Dckt. No. 144). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing was published in *Investors Business Daily* and was transmitted over the *PR Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and litigation expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The definition of capitalized terms in the Stipulation and Agreement of Settlement (the "Stipulation") (Dckt. No. 127-1) are hereby incorporated by reference herein.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all parties to the Action, including all Settlement Class Members.

3. Notice of Lead Plaintiffs' Motion was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable law and rules, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. Plaintiffs' Counsel are hereby awarded attorneys' fees in the amount of 25% (twenty-five percent) of each component of the Settlement Fund (which consists of (i) $6,610,819.63 in cash, (ii) 1,621,593 Akorn shares (as well as up to 562,332 additional Akorn shares if they become available from the expiration of out-of-the-money Akorn stock options) and (iii) 25% (twenty-five percent) of the Settlement CVRs), as well as $1,056,721.45 in reimbursement of litigation expenses which sums the Court finds to be fair and reasonable. The fees and expenses shall be paid from the Settlement Fund. Lead Counsel shall allocate the attorneys' fees awarded to Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a Settlement Fund consisting of cash, Akorn Settlement Shares and Settlement CVRs, and that numerous Settlement Class Members who submit valid Claim Forms will benefit from the Settlement because of the efforts of Lead Counsel;

(b) The fee has been reviewed and approved as reasonable by Lead Plaintiffs, who are institutional investors that actively supervised the Action;

(c) Copies of the Notice were mailed to all Settlement Class Members who could be identified with reasonable effort stating that Lead Counsel would apply for attorneys' fees not to exceed 25% of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $1,500,000;

(d) Plaintiffs' Counsel conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

(e) Had Lead Counsel not achieved the Settlements there would remain a significant risk that Lead Plaintiffs and the other members of the Settlement Class may have recovered less or nothing from Defendants;

(f) The amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases;

(g) The Court hereby acknowledges that it was advised prior to the Settlement Hearing that, following Court approval of the Settlement, Akorn intends to rely on the Section 3(a)(10) registration exemption to the Securities Act of 1933 (the "Securities Act") when distributing the Settlement Shares and Settlement CVRs to the Settlement Class and Lead Counsel; and

(h) The Court finds that the Settlement Shares and Settlement CVRs are freely tradable and exempt from the registration requirements of the Securities Act (or, where applicable, any analogous provisions of applicable state securities laws) pursuant to Section 3(a)(10). Based upon the Court's findings that the terms and conditions of the Settlement are fair both procedurally and substantively, Akorn may issue the Settlement Shares and Settlement CVRs without registration or compliance with the prospectus delivery requirements of the U.S. securities laws (or, where applicable, any analogous state securities

3

laws).

6. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgments.

7. Exclusive jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Stipulation and this Order.

8. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

Date: March 13, 2020

Steven C. Seeger
United States District Judge